ELIZABETH YU
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
(202) 514-2277

ALLAN B. K. URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 297-2079

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. |
| THE SHERWIN-WILLIAMS COMPANY, | **COMPLAINT** |
| Defendant. | |

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorney, acting at the request of the Regional Counsel of the United States Environmental Protection Agency ("EPA") for Region II, files this complaint and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought against The Sherwin-Williams Company under Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and

Liability Act, as amended, ("CERCLA"), 42 U.S.C. §§ 9606, 9607. In this action, the United States seeks (a) the recovery of unreimbursed costs incurred through September 30, 2017, by the United States in response to releases and threatened releases of hazardous substances into the environment at or from the Sherwin-Williams/Hilliards Creek Superfund Site, the Route 561 Dump Site, and the United States Avenue Burn Superfund Site in Gibbsboro and Voorhees, New Jersey (collectively, the "Sites"), other than costs that are to be reimbursed under previously entered into administrative orders on consent, and (b) the performance by The Sherwin-Williams Company of the response actions selected by EPA in the September 29, 2017 Record of Decision for the remediation of soils and sediments at the United States Avenue Burn Superfund Site.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 106, 107, and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607, and 9613(b).

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to these claims occurred in this district, and because the Sites are located in this district.

## DEFENDANT

4. The Sherwin-Williams Company ("Sherwin-Williams") is an Ohio corporation, and its principal place of business is in Cleveland, Ohio.

5. Sherwin-Williams is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

6. At relevant times, Sherwin-Williams conducted operations relating to paint and varnish manufacturing at the Sites and owned property within the Sites, including the area where paints and varnishes were manufactured.

## SITES DESCRIPTION

7. The Sherwin-Hilliards Creek Superfund Site ("SW/HC Site" or "Hilliards Creek Site"), in Gibbsboro and Voorhees, New Jersey, includes, but is not limited to, the Former Manufacturing Plant ("FMP") area, Hilliards Creek, and Kirkwood Lake. The approximately 20-acre FMP area of the Hilliards Creek Site is located in the vicinity of Foster Avenue, Clementon-Gibbsboro Road, and United States Avenue, in Gibbsboro, New Jersey. The FMP area consists of commercial structures and undeveloped land and includes the southern portion of Silver Lake. Hilliards Creek flows from Silver Lake through the FMP area, continues downstream through residential and undeveloped areas, and then empties into Kirkwood Lake. Kirkwood Lake, located in Voorhees, New Jersey, is approximately 25 acres, with residential properties located along its northern shore.

8. The Route 561 Dump Site ("Dump Site"), in Gibbsboro, New Jersey, is approximately eight acres and is located about 700 feet to the southeast of the FMP area. A small creek named the White Sand Branch flows through the Dump Site towards the United States Avenue Burn Superfund Site.

9. The United States Avenue Burn Superfund Site ("Burn Site"), in Gibbsboro, New Jersey, is approximately 19 acres and is located directly south and east of the FMP area. It includes a portion of the White Sand Branch, a portion of a small creek named Honey Run Brook, and Bridgewood Lake. Bridgewood Lake flows into Hilliards Creek.

## STATUTORY BACKGROUND

10. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

11. Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment. . . .

12. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1) the owner and operator of a vessel or a facility, [and]
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> \* \* \*
>
> shall be liable for –
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . .

13. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the United States is also authorized to seek injunctive relief necessary to abate the imminent and substantial endangerment to the public health or welfare, or the environment, that may result from an actual or threatened release of a hazardous substance at or from a facility.

## GENERAL ALLEGATIONS

14. The FMP area in Gibbsboro, New Jersey, was originally developed in the 1800s for use as a sawmill and then a grain mill. In 1851, John Lucas & Company, Inc. ("Lucas") purchased the property and converted the mill into a paint and varnish manufacturing facility.

15. Sherwin-Williams purchased Lucas in the early 1930s and expanded operations at the facility. Sherwin-Williams continued to operate the paint and varnish manufacturing facility until 1978. Various products were manufactured at the facility, including dry colorants, varnishes, lacquers, resins, and oil-based and water-based (emulsion) paints. Historic features at the FMP area included production and warehouse buildings, a railroad line spur, above-ground storage tanks, drum storage areas, and wastewater lagoons.

16. In its operations at the Hilliards Creek Site, Sherwin-Williams used numerous substances that are hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) ("hazardous substances"), including, but not limited to, lead and arsenic, and disposed of wastes containing such hazardous substances.

17. Sherwin-Williams disposed of wastes generated from the manufacturing plant containing hazardous substances, including, but not limited to, lead and arsenic, in Hilliards Creek, which runs through the FMP area, and in wastewater lagoons in the FMP area.

18. The Hilliards Creek Site, including the FMP area, is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

19. Contamination with hazardous substances, including, but not limited to, lead and arsenic, has been found at the Hilliards Creek Site, including, but not limited to, the FMP area, Hilliards Creek, Kirkwood Lake, and some residences in close proximity to the FMP area or within the floodplain of Hilliards Creek or Kirkwood Lake. There has been, and continues to be, a "release" or a "threatened release" of "hazardous substances" into the "environment" at or from the Hilliards Creek Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. § 9601.

20. In the course of its operations, Sherwin-Williams also disposed of wastes that contained hazardous substances, including, but not limited to, lead and arsenic, at the Dump Site, which neighbors the FMP area. The Dump Site was used to dispose of paint wastes from the FMP.

21. The Dump Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

22. Contamination with hazardous substances, including, but not limited to, lead and arsenic, has been found at the Dump Site and in two residences in close proximity to the main Dump Site property. There has been, and continues to be, a "release" or a "threatened release" of "hazardous substances" into the "environment" at or from the Dump Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. § 9601.

23. In the course of its operations, Sherwin-Williams also disposed of wastes that contained hazardous substances, including, but not limited to, lead and arsenic, at the Burn Site, which neighbors the FMP area. The burn area portion of the Burn Site was used to dispose of and burn paint wastes from the FMP area. The landfill portion of the Burn Site was used for the storage of sludge from the FMP's wastewater treatment system. The railroad track area of the

Burn Site, which is currently an abandoned railroad line, was previously used by Sherwin-Williams to transport materials to and from the FMP.

24. The Burn Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

25. Contamination with hazardous substances, including, but not limited to, lead and arsenic, has been found at the Burn Site. There has been, and continues to be, a "release" or a "threatened release" of "hazardous substances" into the "environment" at or from the Burn Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. § 9601.

26. Sherwin-Williams ceased operations at the FMP in 1977-78. It sold the FMP area property to a private developer in 1981.

27. In the mid to late 1990s, the New Jersey Department of Environmental Protection ("NJDEP") requested that EPA undertake enforcement, oversight, and other responsibilities with regard to the Sites.

28. Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, the Burn Site was listed on the CERCLA National Priorities List ("NPL"), codified at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register on July 22, 1999, 63 F.R. 51882. The Hilliards Creek Site was listed on the NPL by publication in the Federal Register on March 19, 2008, 73 F.R. 14719.

29. In 1999, EPA and Sherwin-Williams entered into an administrative order on consent ("AOC") for Sherwin-Williams to conduct, subject to EPA oversight, Remedial Investigation and Feasibility Study ("RI/FS") work for the Sites (EPA Region 2 AOC Index No. II CERCLA-02-00-2035) ("RI/FS AOC").

30. EPA is addressing the cleanup of the Sites in several phases called operable units ("OUs").

31. In 2017, Sherwin-Williams completed an RI/FS for soil and sediment contamination at the Burn Site. EPA selected a remedy for soil and sediment contamination at the Burn Site in a Record of Decision executed on September 29, 2017 ("Burn Site OU2 ROD"). The selected Burn Site OU2 remedy includes excavation, transportation, and disposal of certain contaminated soils and sediments, installation of engineering controls including vegetated soil covers in the Burn Site fenced area, restoration and revegetation in the White Sand Branch and Honey Run Brook flood plain, stream bank revegetation and restoration, and institutional controls at the Burn Site.

32. Sherwin-Williams is obligated under the RI/FS AOC to complete the RI/FS work for the Sites, which at this time EPA has divided into three additional OUs. These are an OU focused on Hilliards Creek Site soil and sediment contamination, an OU focused on the surface waterbodies at the Sites, and an OU focused on groundwater contamination pertaining to the Hilliards Creek Site. After the RI/FS for each additional OU is completed, EPA plans to select the remedy in a ROD. The following three RODs are planned at this time: SW/HC Site Soils ROD; Waterbodies ROD; and SW/HC Site Groundwater ROD. EPA may later determine that further OUs are necessary.

33. In undertaking response actions to address the release or threat of release of hazardous substances at the Sites, the United States has incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), with respect to "removal" or "remedial" action as defined in Section 101(23) and (24) of CERCLA, 42 U.S.C. § 9601(23) and (24).

34. The United States has incurred at least $2,020,071 through September 30, 2017, in response costs with respect to the Sites that have not been reimbursed.

35. The response costs incurred by the United States in connection with the Sites were incurred in a manner not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

### FIRST CLAIM FOR RELIEF

Cost Recovery under CERCLA Section 107

36. Paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37. Sherwin-Williams is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), as a person who owned or operated facilities at a time of disposal of hazardous substances at each such facility, from which there has been a release or threat of release of hazardous substances at the Sites, for response costs incurred by the United States in connection with each of the Sites.

38. Sherwin-Williams owns at least one property at the Sites, from which there has been a release or threat of release of hazardous substances. Sherwin-Williams is also liable under Section 107(a)(1), 42 U.S.C. § 9607(a)(1), with respect to property Sherwin-Williams owns at the Sites.

39. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Sherwin-Williams is liable to the United States for response costs incurred by the United States, including enforcement costs and interest, relating to the Sites, that have not been reimbursed.

40. The United States is entitled to a declaratory judgment on liability against Sherwin-Williams, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding in any subsequent action to recover further response costs incurred by the United States with respect to the Sites.

## SECOND CLAIM FOR RELIEF

Injunctive Relief under CERCLA Section 106(a)

41. Paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42. EPA has determined that the actual and threatened releases of hazardous substances, including, but not limited to, lead and arsenic, at or from the Burn Site in connection with its soils and sediments may constitute an imminent and substantial endangerment to public health or welfare or the environment.

43. Implementation of the response actions selected in the Burn Site OU2 ROD is necessary to abate the danger to public health or welfare and the environment posed by the actual and threatened releases of hazardous substances, including, but not limited to, lead and arsenic, at or from the Burn Site in connection with its soils and sediments.

44. Sherwin-Williams is liable for the performance of the response actions selected in the Burn Site OU2 ROD under Sections 106(a) and 107(a) of CERCLA, 42 U.S.C. §§ 9606(a), 9607(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States respectfully requests that this Court:

a. Enter judgment in favor of the United States and against Sherwin-Williams, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for unreimbursed response costs incurred by the United States relating to the Sites, other than costs that are to be reimbursed under previously entered into administrative orders on consent (the RI/FS AOC and the Dump Site AOC), including enforcement costs and prejudgment interest;

b. Enter a declaratory judgment on Sherwin Williams' liability that will be binding in any subsequent action for recovery of further response costs relating to the Sites, under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2);

c. Enter an order under Section 106 of CERCLA, 42 U.S.C. § 9606, requiring Sherwin-Williams to perform the remedial design and remedial action selected in the Burn Site OU2 ROD;

d. Award the United States its costs and fees in this action;

e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington, D.C. 20530

s/ Elizabeth Yu
ELIZABETH YU
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 514-2277
elizabeth.yu@usdoj.gov

CRAIG CARPENITO
United States Attorney
District of New Jersey

ALLAN B. K. URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 297-2079

OF COUNSEL:

CLARA BEITIN
Office of Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway, 17th Floor
New York, NY 10007-1855
(212) 637-4382

CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

In accordance with 28 U.S.C. § 1746, I hereby certify, under penalty of perjury, that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

                                        s/ Elizabeth Yu
                                        ELIZABETH YU
                                        Senior Counsel
                                        Environmental Enforcement Section
                                        Environment and Natural Resources Division
                                        United States Department of Justice
                                        P.O. Box 7611, Ben Franklin Station
                                        Washington, DC 20044-7611
                                        (202) 514-2277
                                        elizabeth.yu@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | | | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.